# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRYANT S. FLORIE,** | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 16-101-JHP-SPS |
| **KAREN HEWES,** | ) |
| Defendant. | ) |

## OPINION AND ORDER

On August 2, 2016, the Court entered an Opinion and Order dismissing from this action Defendant Seminole County District Judge Butner and Defendant Seminole County District Attorney Chris Ross for failure to state a claim upon which relief may be granted (Dkt. 22 at 3-4). Judge Butner's dismissal was based on his absolute judicial immunity, and Chris Ross's dismissal was based on prosecutorial immunity. *Id.* In addition, Plaintiff was advised that he would not be allowed to add as defendants Seminole County District Attorney Paul Smith, the Seminole County District Attorney's Office, or the Seminole County Jail. *Id*. at 4-5.

In that same order, Plaintiff's second motion to amend complaint (Dkt. 20) was granted with respect to naming Karen Hewes as a defendant. *Id.* at 4-5. Plaintiff was directed to file a proper amended complaint in compliance with the Court's following instructions:

> The amended complaint must include all defendants, all claims, and all supporting material to be considered by the Court, and it may not reference or attempt to incorporate material from the original complaint. *See* Local Civil Rule 9.2(c). The amended complaint may not include defendants or claims that are dismissed by this Order.

*Id.*

On August 12, 2016, Plaintiff filed an amended complaint, naming only Karen Hewes as a defendant (Dkt. 23). The Court terminated the remaining defendants from Plaintiff's

original complaint, because those individuals were not included in the amended complaint.

On that same date, Plaintiff filed four motions, including a "Motion/Response to/Screening Dismissal Standards" (Dkt. 24), which the Court construes as a motion to reconsider the Opinion and Order entered on August 2, 2016 (Dkt. 22). The motion asks the Court to reinstate Judge Butner and Paul Smith as defendants, among other requests (Dkt. 24).

Plaintiff's "Motion for Fast Track and/or Court Order to Comply" (Dkt. 25) reiterated the request for relief in his amended complaint. He also filed a "Motion to Conduct Deposition with Discovery," requesting the Court to facilitate depositions of certain dismissed defendants and to postpone the dismissal of these individuals (Dkt. 26). Plaintiff's fourth motion filed on August 12, 2016, was a "Motion to Avoid Dismissal for Failure to Claim wich [sic] Relief May be Granted." That motion again asked for reinstatement of Defendant Judge Butner (Dkt. 27). Plaintiff subsequently filed other motions concerning the dismissal of Judge Butner, various discovery issues, and requests for relief.

After the service of Defendant Karen Hewes (Dkt. 37), Plaintiff filed a "Motion for Continuance to Motion to Reinstate All Parties of Butner et al" (Dkt. 40), a "Motion to Amend and Include Defendants" (Dkt. 50), and a "Motion to Amend Defendant" (Dkt. 52), along with additional motions to reinstate Judge Butner and to add other individuals as defendants (Dkts. 50, 52). More recently, he filed a "Motion to Amend or Resubmit Defendants" (Dkt. 60). However, Petitioner never submitted a proposed second amended complaint with any of his motions to amend, as required by Local Civil Rule 9.2(c).

Construing Plaintiff's motions liberally, see *Haines v. Kerner*, 404 U.S. 519 (1972), the Court finds Plaintiff is proceeding with this lawsuit under an incorrect assumption that his amended complaint (Dkt. 23) supplemented his original complaint (Dkt. 1). To the contrary, "[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991);

*Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). Consequently, once the amended complaint was accepted for filing, the Court considered only the defendant and claims identified in the amended complaint.

For the above reasons, the Court finds Plaintiff should be permitted to file a second amended complaint in accordance with the following instructions:

> Plaintiff is directed to file a proper second amended complaint on the Court's form within twenty-one (21) days. The second amended complaint must include all defendants, all claims, and all supporting material to be considered by the Court, and **it may not reference or attempt to incorporate material from the original complaint**. *See* Local Civil Rule 9.2(c). **The second amended complaint also may not include defendants or claims that previously were dismissed by this Court.** Failure to comply with this Order may result in dismissal of this action.

**ACCORDINGLY:**

1. Plaintiff's motion to reconsider (Dkt. 24) is DENIED. Plaintiff may not reinstate Seminole County District Judge Butner or Seminole County District Attorney Chris Ross as defendants in this action.

2. Plaintiff must file a proper second amended complaint in compliance with this Order within twenty-one (21) days.

3. All remaining pending motions are DENIED WITHOUT PREJUDICE.

4. The Court Clerk is directed to send Plaintiff the Court's form and instructions for filing a second amended complaint.

5. Failure to comply with this Order will result in dismissal of this action.

**IT IS SO ORDERED** this 24th day of March 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma