# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BRYANT S. FLORIE, )
                                              Plaintiff, )
)
v. ) No. CIV 16-101-JHP-SPS
)
OFFICER BREEDLOVE, et al., )
)
                                          Defendant. )

## OPINION AND ORDER

This action is before the Court on Defendants' motions to dismiss Plaintiff's third amended civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has before it for consideration the third amended complaint (Dkt. 63), Defendant Derrik Vigil's motion to dismiss (Dkt. 79), Defendants Breedlove and Jason Bumgarner's motion to dismiss (Dkt. 82), and Plaintiff's responses to the motions (Dkts. 92, 93, and 94).

Plaintiff, a pro se state prisoner who is incarcerated at North Fork Correctional Center in Sayre, Oklahoma, brought this action pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations surrounding his arrest in Seminole County, Oklahoma, on February 18, 2016.[1] The defendants are Officer Jason Bumgarner of the Seminole Police Department and Officers Breedlove and Derek Vigil of the Wewoka, Oklahoma, Police Department.

**Background**

Plaintiff alleges that on February 17, 2016, he received a security alarm for his house about a mile away. He drove to the house and saw two individuals run out the front door

---

[1] Plaintiff was charged with three felonies on February 25, 2016, in Seminole County District Court Case No. CF-2016-98, and he entered guilty pleas on October 2, 2017. The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

which had been kicked in.  Plaintiff got into a physical altercation with a third person who still was in the house.

The police arrived about an hour later.  Plaintiff knew Deputy Brooks and allowed him into the house.  Brooks told Defendant Officer Breedlove to look at the door, which had a footprint on it.  Deputy Brooks did not look at Plaintiff's video surveillance footage, because Brooks was only a back-up and was outside his jurisdiction.  Brooks called Defendant Officer Jason Bumgarner, and Bumgarner advised Plaintiff that he had instructions to arrest Plaintiff.

Plaintiff asked the officers to look at the footprints of the supposed victims and others who allegedly were at the scene, in an attempt to match the footprint on the door.  The officers, however, did not check the footprints.  When Plaintiff mentioned the surveillance videos on his cameras and phones, Officers Breedlove and Vigil took both phones.  The district attorney later told the judge that the Wewoka Police Department had lost the phones, and phone records were subpoenaed.  Plaintiff asserts Officers Vigil and Breedlove were out of their jurisdiction, and if the county had been in charge of the case, he would be free.  (Dkt. 63 at 7-8).

The third amended complaint raises three claims:

[Count I]:  Officer Breedlove and Vigil refused to investigate the kicked in door in my residence & compare foot prints with people there 2-17-2016.

Count II:  Also Officer Vigil & Breedlove (took surveillance footage frome [sic] alleged crime scene and now it cant [sic] be found) after Deputy Brooks witness [sic] them take it 2-18-2016.

Officer Jason Bumgarner refused to investigate a possible burglary and was lead officer but possibly out of jurisdiction.

Count III:  Also Officer Bumgarner refused to even look at the surveillance footage of the entire incodent [sic] I am incarcerated for 2-17-2016 & 2-18-16.

2

> All 3 officers refused protocol and only wished to arrest me and not investigate the truth on 2-17-16 2-18-16. See all motiones [sic] and transcripts in plaintiff's state cases pending for supporting facts.

(Dkt. 63 at 4).

Plaintiff's request for relief reads as follows; "Proper & neutral investigation by a neutral party. Interfearence [sic] for imediate [sic] release with apology, or $1,000 per day for wrongful incarceration once Im clend [sic] of all charges by each individual and or department named." (Dkt. 63 at 6).

Defendants allege in their motions to dismiss that Plaintiff has failed to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6) (Dkts. 79, 82). Defendants further assert Plaintiff's claims are barred by *Heck v. Humphrey*, 512, U.S. 477 (1994).

**Standard of Review**

In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)), *cert. denied*, 565 U.S. 1201 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the court is required to exercise a liberal interpretation of the plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for the plaintiff, and he must present more than conclusory allegations to survive

a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*. With these standards in mind, the court turns to the merits of the defendants' motions.

**Analysis**

To survive a motion to dismiss for failure to state a § 1983 claim, a plaintiff must plausibly allege "(1) deprivation of a federally-protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp*., 814 F.3d 1151, 1155 (10th Cir. 2016) (citation omitted). Plaintiff's third amended complaint, however, asserts no constitutional deprivations by the defendants. His replies to the motions to dismiss, which assert deprivation of a proper investigation, access to evidence, and "the right to formally file a complaint of a crime," also fail to allege cognizable claims for a § 1983 lawsuit.

To the extent Plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

4

Based on the foregoing reasons, the Court finds the allegations in Plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

**"Prior Occasion" or "Strike"**

The Court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Because the complaint fails to state a claim upon which relief may be granted, it shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). This dismissal shall count as a "prior occasion" or "strike" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury"). *See Childs v. Miller*, 713 F.3d 1262, 1266 (10th Cir. 2013) (holding that "[t]he district court's dismissal for failure to state a claim under Rule 12(b)(6) satisfies the plain text of § 1915(g) and therefore will count as a strike").

**ACCORDINGLY,** Defendant Derrik Vigil's motion to dismiss (Dkt. 79) and Defendants Breedlove and Jason Bumgarner's motion to dismiss (Dkt. 82) are GRANTED, and this action is DISMISSED WITHOUT PREJUDICE. All remaining pending motions are DENIED AS MOOT. This dismissal shall count as a "prior occasion" or "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 20th day of March 2018.

James H. Payne
United States District Judge
Eastern District of Oklahoma